# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00448-RJC-DSC

| | |
|---|---|
| L.K. AND A.K. on their behalf and on behalf of their son, T.K. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss," Doc. 3, as well as the parties' briefs. Docs. 4 and 5.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be denied, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a petition by L.K. and A.K. as parents of T.K, a student with special needs. Prior to December 18, 2014, T.K. was entitled to be enrolled in and receive appropriate education and related services in the Charlotte-Mecklenburg Schools. Plaintiffs seek a determination that Defendant erred in finding that T.K. no longer qualified as eligible for services as speech or language impaired pursuant to North Carolina Gen. Stat. §115C-106 et seq., the

Individuals with Disabilities Education Act ("IDEA"), 20 USC §1400 et seq., and the North Carolina Policies Governing Services for Children with Disabilities, §1503-2.5(d)(12).

On October 23, 2015, Defendant filed its Motion to Dismiss. Defendant argues that this cause of action is barred by the applicable statute of limitations. The Motion has been fully briefed and is ripe for determination.

## II. <u>DISCUSSION</u>

States receiving IDEA funds must "establish and maintain procedures ... to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education." <u>Cone v. Randolph Cnty. Sch. Bd. of Educ.</u>, 657 F.Supp.2d 667, 669–70 (M.D.N.C. 2009)(citing 20 U.S.C. § 1415(a)). These procedural safeguards include a parent or guardian's right to request an "impartial due process hearing" if the parent or guardian is dissatisfied with any matter related to the identification, evaluation, or educational placement of a child, or with the provision of a free appropriate public education ("FAPE") to a child. <u>See</u> 20 U.S.C. § 1415(b)(6)(A), 20 U.S.C. § 1415(f). This due process hearing "shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A).

To ensure these procedural safeguards, North Carolina employs a two-tiered administrative review system. <u>See</u> N.C. Gen. Stat. §§ 115C–109.6, 115C–109.9. At the first tier, "[a]ny party may file with the Office of Administrative Hearings a petition to request an impartial hearing with respect to any matter relating to ... the provision of a free appropriate public education of a child. . . " N.C. Gen. Stat. § 115C–109.6(a). The petition is referred to an Administrative Law Judge ("ALJ") who "shall issue a written decision regarding the issues" and containing "findings of fact and conclusions of law." N.C. Gen. Stat. § 115C–109.6(f). "[T]he decision of the administrative

law judge becomes final and is not subject to further review unless appealed to the Review Officer under G.S. 115C-109.9." Id.

An appeal to the Review Officer is the second tier of the administrative process in North Carolina, during which "[a]ny party aggrieved by the findings and decision of a hearing officer ... may appeal the findings and decision within 30 days after receipt of notice of the decision by filing a written notice of appeal with the person designated by the State Board." N.C. Gen. Stat. § 115C–109.9(a). Following such an appeal, the State Board "shall appoint a Review Officer ... [who] shall conduct an impartial review of the findings and decision appealed ... and make an independent decision upon completion of the review." Id.

Following the decision of the Review Officer, "any party who is aggrieved by the decision of the Review Officer under this section may institute a civil action in State court within 30 days after receipt of the notice of the decision or in federal court as provided in 20 U.S.C. § 1415." N.C. Gen. Stat. § 115C–109.9(d).

20 U.S.C. § 1415(i), in pertinent part, provides that "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows."

Defendant argues that Plaintiffs' claim is time barred because it was not filed within North Carolina's thirty day statute of limitations. The State Review Officer's decision was provided to both parties on July 1, 2015. Plaintiffs filed their Complaint in this Court on September 28, 2015.

The Court finds that the thirty day statute of limitations applies to a civil action filed in State court and that federal actions are governed by 20 U.S.C. § 1415. Under 20 U.S.C. § 1415, a party has ninety days to file a civil action in federal court. Plaintiffs filed their action here eighty-

five days after the Review Officer's decision. Consequently, their action was timely filed and should not be dismissed.

For those reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss," Doc. 3, be **DENIED**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED.**

Signed: December 2, 2015

David S. Cayer
United States Magistrate Judge