UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00448-RJC-DSC

| | |
|---|---|
| L.K. and A.K., acting on behalf of their son, T.K., ) ) | |
| Plaintiffs, ) ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, ) ) ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No. 3); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 6), recommending that this Court deny Defendant's Motion; Defendant's Objection to the M&R, (Doc. No. 7); and Plaintiffs' Reply to Defendant's Objection, (Doc. No. 8).

**I.     BACKGROUND**

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

**II.    STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th

Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Defendant argues that the Magistrate Judge erred by misstating North Carolina's applicable statute of limitations for filing a federal civil action to challenge the State's determination regarding a disabled child's eligibility to receive special education services. Specifically, Defendant contends that North Carolina has established a 30-day time limit for filing civil actions in both state and federal court. Therefore, Defendant argues that Plaintiffs' Complaint, which was filed 85 days after Plaintiffs received notice of State's decision, is time barred. Plaintiffs respond that the 90-day time limit contained in 20 U.S.C. § 1415 is the applicable limit; therefore, their Complaint is timely.

North Carolina's two-tiered administrative review process is well-stated in the M&R. The only contested issue here is the interpretation of the applicable time limit for bringing a civil action in federal court challenging the State's determination at the end of the administrative review. North Carolina General Statutes indicate that "any party who is aggrieved by the decision of the Review Officer . . . may institute a civil action in State court within 30 days after receipt of the notice of the decision or in federal court as provided in 20 U.S.C. § 1415." § 115C-109.9(d). 20 U.S.C. § 1415(i)(2)(B) provides that "[t]he party bringing the action shall

have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." In other words, potential plaintiffs have 90 days to file their actions in federal court unless the state has explicitly set forth some alternate time limitation for filing in federal court.

The Court finds that North Carolina has not explicitly[1] set forth an alternate time limitation for bringing such an action in federal court. Defendant contends that the North Carolina Board of Education and the Department of Public Instruction's <u>Policies Governing Services for Children with Disabilities</u> establishes a 30-day time limit for filing actions in both state and federal court; however, these Policies have no force of law to establish such a limit. Pursuant to North Carolina's Administrative Procedure Act ("APA"), a "Policy" is a "nonbinding interpretive statement." N.C. Gen. Stat. § 150B-2(7a). Such policies are not statutes, regulations, or rules, and they have no legal effect on the procedural or substantive rights of a person not employed by a state agency. See § 150B-2(8a). Furthermore, the APA provides that "[a]n agency shall not seek to implement or enforce against any person a policy, guideline, or other interpretive statement that meets the definition of a rule contained in G.S. 150B-2(8a) if the policy, guideline, or other interpretive statement has not been adopted as a rule in accordance with [the APA]." § 150B-18. Neither the North Carolina Legislature nor any North Carolina agency has enacted a statute, regulation, or rule altering the 90-day time limit set forth in 20 U.S.C. § 1415(i)(2)(B). The Court finds, therefore, that the time limit within which plaintiffs must file their civil actions in federal court in North Carolina is 90 days, and Plaintiffs'

---

[1] Black's Law Dictionary defines "explicit" as follows: "1. Clear, open, direct, or exact. 2. Expressed without ambiguity or vagueness; leaving no doubt." Black's Law Dictionary (10th ed. 2014).

Complaint in this case was timely filed. Accordingly, the Court **adopts** the recommendation of the Magistrate Judge and **denies** Defendant's Motion to Dismiss.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 6), is **ADOPTED**, and Defendant's Motion to Dismiss, (Doc. No. 3), is **DENIED**.

Signed: May 20, 2016

Robert J. Conrad, Jr.
United States District Judge